895 So.2d 589 (2005)
Blaine & Roberta DE LA CRUZ, Individually and On Behalf of the Estate of their Deceased Daughter, Tiffany De La Cruz, Tonya Plaisance & Jessica De La Cruz
v.
Jacqueline G. RILEY Wife of/and Herlin E. RILEY, SR., Hiwej, LLC, Plaquemines Parish Government, the Estate of Joseph P. Gordon and the Estate of Herbert E. Gordon.
No. 2004-CA-0607.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 2005.
*591 Charles J. Ballay, Adrian A. Colon, Jr. Ballay, Braud & Colon, PLC, Belle Chasse, LA, for Plaintiff/Appellee.
Michael L. Mullin, Assistant Parish Attorney, Belle Chasse, LA, for Defendant/Appellant.
(Court composed of Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
Judge TERRI F. LOVE.
This appeal arises from the trial court's judgment finding appellant, Plaquemines Parish Government, negligent and liable for the injuries and damages caused in an automobile accident and the trial court's failure to assess liability to defendants, HIWEJ L.L.C, Herlin Riley, and Jacqueline Riley.

FACTS AND PROCEDURAL HISTORY
Following the passing of Hurricane George through Plaquemines Parish, Herlin Riley, Sr. ("Mr.Riley") placed discarded limbs and logs on the shoulder of the highway near his property for pick up by the Plaquemines Parish Government "Parish" sanitation crew.[1] Tiffany De La Cruz ("Ms. De La Cruz") was operating a vehicle occupied by her cousin, Jessica De La Cruz who was seated in the front passenger seat and a friend, Tonya Plaisance who was seated in the rear. As she proceeded northbound on Highway 23, Ms. De La Cruz's vehicle crossed the fog line, struck the pile of debris in front of Mr. Riley's property and proceeded through the pile of debris striking and breaking a utility pole. Upon impact, a log pierced the front windshield and fatally struck Ms. De La Cruz *592 on the right side of her face. Ms. De La Cruz died ten hours later as a result of her injuries. Both passengers, Tonya Plaisance and Jessica De La Cruz also sustained extensive injuries.
Blaine and Roberta De La Cruz, individually and on behalf of the estate of their deceased daughter, Tiffany De La Cruz; Tonya Plaisance and Jessica De La Cruz, (hereinafter "Petitioners") filed suit against the property owners/tenants, HIWEJ L.L.C, a domestic liability company with its principal place of business in the Parish of Plaquemines, Herlin Riley and his wife Jacqueline Riley, (hereinafter referred to collectively as "Herlin Riley"). Also named as defendants were the Parish and the estates of Joseph P. Gordon and Herbert E. Gordon, two legal entities that owned or held the right to the property adjacent from where the accident occurred.
Petitioners assert Herlin Riley was negligent in the placement of the pile of debris near the highway and the Parish, having the last and best opportunity to remove the pile of debris, was negligent in failing to complete the removal. Defendants, Herlin Riley aver that the pile of debris located in front of his property was located completely off the asphalt. The Parish avers that the sole cause of the accident was the intoxication of Ms. De La Cruz.
After the trial on the merits, the trial court rendered a judgment in favor of Herlin Riley, dismissing the Petitioners' claims against those parties at Petitioners' costs. However, the trial court rendered judgment in favor of Petitioners, finding the Parish negligent in failing to complete the removal of the pile of debris and liable for the severe and extensive damages to the vehicle driven by Ms. De La Cruz, and its occupants Jessica De La Cruz and Tonya Plaisance. The trial court reasoned that the pile of debris was a seventy-five percent (75%) contributor to the damages that occurred and assessed twenty five (25%) percent fault to Ms. De La Cruz.
The trial court awarded $465,442.73 to Blaine and Roberta De La Cruz which represents, $250,000 in wrongful death damages to each of them for the death of Tiffany De La Cruz: $100,000 for the pain and suffering experienced by Tiffany De La Cruz prior to her death, $10, 747.30 medical expenses and $9, 843 funeral expenses; plus legal interest and costs, less the 25% of fault attributed to Ms. De La Cruz; $442,707.19 to Jessica De La Cruz, in general damages, past medical expenses, future medical expenses and lost wages; and $48,256.32 to Tonya Plaisance in general damages, past medical expenses, and lost wages.
It is from this judgment that the Parish appeals.

FIRST AND THIRD ASSIGNMENTS OF ERROR
In their first and third assignments of error respectively, the Parish, asserts that the trial court was manifestly erroneous and abused its discretion in assessing liability to the Parish for the accident and for failing to assess Mr. Riley any liability for the placement of the pile of debris. The Parish also asserts the trial court abused its discretion by finding that the admitted intoxication and carelessness of the driver, Ms. De La Cruz, did not play a significant role in the accident.

Standard of Review
An appellate court can only reverse a fact finder's determinations when: (1) it finds from the record that a reasonable factual basis does not exist for the findings of the trial court, and (2) it further determines that the record establishes the findings are manifestly erroneous. Stobart v. State through Department *593 of Transportation and Development, 617 So.2d 880, 883 (La.1993). If the jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeals may not reverse, even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106, 1112 (La.1990); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
At issue before the trial court were factual determinations as to (1) the location of the pile of debris struck by Ms. De La Cruz and (2) who was responsible for the placement of the pile of debris. In its factual determinations, the trial court reasoned:
"Herlin Riley placed the logs and branches in a pile just off the asphalt shoulder. The parish employees began removing the pile but were unable to complete the job. During the process, much of the pile was removed from Riley's property onto the asphalt shoulder. The parish employees left it there. Ms. Cruz drifted off the travel portion of the roadway onto the asphalt shoulder. Her car never left the asphalt portion of the shoulder. Before she could recover and return to the roadway her car struck the pile of debris throwing the car out of control ... there was no evidence that her intoxication played any part in this accident other than its role in her general inattentiveness. Her actions were no more serious a departure from that which is expected from drivers on the State's highways, in many instances much less a departure. Although the pile of debris had originally been placed on the shoulder of the road, off of the asphalt, because of PPG's sanitation crew's incomplete removal of the pile there was some debris that was left on the asphalt of the road."
In its Reasons for Judgment, the trial court, relying on Petre, determined that the liability of the Parish was based upon a violation of the principle of a "clear recovery zone." In Petre v. State Thorugh DOTD, 01-0867 (La.4/3/02), 817 So.2d 1107, the Louisiana Supreme Court provided the basis for assessing liability to the State for violation of the principle of a "clear recovery zone." The La. Supreme Court held:
"DOTD's duty to maintain the road and shoulder encompasses the risk that a motorist may travel onto or partially onto the shoulder....In this case, the shoulder consisted of one and one-half feet of usable surface area before it descended into a ditch. Mr. Evans, an expert witness who inspected the accident scene ... testified that in this situation, once a motorist left the road, even sober, she would not have been able to recover and reenter the road."
Id. at 1112.
Although Petre is distinguished from the case sub judice in that liability of DOTD in Petre involved a ditch located off the paved portion of the shoulder, in the case at bar, the trial court recognized that Petre is applicable insofar as the shoulder of the road can be defective so as to establish liability on the State when a driver leaves the roadway or when there are other obstructions on the shoulder.
A utility company has a duty not to create obstructions or perilous conditions for motorists who inadvertently or by reason of necessity stray from the traveled portion of the roadway. Johnson v. Entergy Corporation, 36,323 (La.App. 2 Cir.9/20/02), 827 So.2d 1234. Motorists are owed a duty to have the clear recovery zone free from obstructions. Id. at 8, 827 So.2d at 1239.
*594 In Cormier v. Comeaux, 98-2378 (La.7/7/99) 748 So.2d 1123, the Louisiana Supreme Court held that the DOTDs duty to keep the highways in a reasonably safe condition encompasses the foreseeable risk that, for any number of reasons, including simple inadvertence, a motorist might find himself traveling on, or partially on the shoulder. Begnaud v. Department of Transp. Dev., 93-639 (La.App. 5 Cir. 1/12/94), 631 So.2d 467, 470. DOTD also has a duty to keep the area off the highway shoulder in such a condition that it does not pose an unreasonable risk of harm to motorists using the travel lanes or shoulder. Oster v. Department of Transp. Dev., 582 So.2d 1285, 1286 (La.1991). Thus, the Parishs duty to maintain safe zones of recovery encompasses the foreseeable risk that a motorist might find himself traveling on, or partially on, the shoulder. This duty extends to drivers who are slightly exceeding the speed limit or momentarily inattentive. Cormier, 748 So.2d 1123, 1127.
The purpose of the asphalt shoulder is to allow a driver to regain control of his vehicle and re-enter the roadway. The evidence supports the trial court's finding that the pile of debris prevented this use and, in fact, threw the De La Cruz's vehicle out of control. The obstruction of the roadway clearly violated the principles of the zone of recovery by removing the zone of recovery afforded to drivers along the highway.
The record establishes that the residents of the Parish would place piles of trash and debris on the side of the road for pick up by the Parish government. It is also evidenced in the record that following Hurricane George, Mr. Riley placed the pile of debris entirely off the asphalt one week prior to the accident. At the trial on the merits, Daniel Sylve, an employee of the Parish's Solid Waste South division, testified that before the accident occurred, he commenced to picking up the pile of debris in front of the Herlin Riley property but was unable to complete the removal because he was called away to another job. The Parish's employees were the last to have control over the pile of debris at issue. We find, as the trial court did, that the Parish, therefore, had control as to the final location of the pile of debris and it was the Parish's responsibility, once the removal commenced, to complete the job. Mr. Riley was not in a position to control the location of the pile of debris and; therefore should not be liable for its location and the damage that resulted there from. The trial court's factual finding was that the pile of debris was an unreasonably dangerous defect in the road, which was a substantial factor in causing plaintiffs' damages.
After careful review of the record, we do not find the trial court's factual determination unreasonable nor do we find that the trial court abused its discretion in assessing majority liability to the Parish and failing to assess fault to Herlin Riley.

SECOND ASSIGNMENT OF ERROR
The Parish also asserts that the trial court was manifestly erroneous and abused its discretion in failing to reason that Ms. De La Cruz's intoxication was a significant factor to be considered as a contributing cause of the accident. In analyzing the allocation of fault of the parties, the Courts of Appeal are compelled to apply the manifest error standard. Intoxication alone is not enough to automatically prevent a party from recovering damages when another party is at fault. It is merely a factor to consider in Louisiana's comparative negligence scheme. Petre, 817 So.2d 1107, 1114. The trier of fact is owed deference in the allocation of fault since the finding of percentages of fault is also a factual determination. Duncan v. Kansas *595 So. Railway Co., XXXX-XXXX (La.App. 4 Cir. 10/30/00), 773 So.2d 670 citing Clement v. Frey, 95-1119 (La.1/16/96); 666 So.2d 607, 609, 610.
At the trial on the merits, Trooper Bradley testified that there was no evidence that Ms. Cruz attempted to avoid hitting the pile of debris. He further testified that Ms. De La Cruz, 19, traveling at least fifty-one (51) miles per hour in a thirty-five (35) mile per hour speed zone was driving under the influence of alcohol at the time of the accident, with a blood alcohol level of .08. Trooper Bradley testified that he believed the cause of Ms. De La Cruz's automobile leaving the roadway was her blood alcohol content. This testimony supported the Parish's contention that Ms. Cruz's intoxication was the true cause of the accident.
Where the fact finders conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact. Newman v. Fernwood Transportation, XXXX-XXXX (La.App. 4 Cir. 4/25/01), 785 So.2d 1026. In rejecting the Parish's argument, the trial court noted Petre, which held:
"DOTD argues that its duty to maintain safe highways does not encompass the risk that an intoxicated driver will drive off of the road and strike a clearly visible obstacle. In posing such an argument, DOTD asks this court to create a rule that would disallow an intoxicated driver's recovery from DOTD, even when an unreasonably dangerous defect in the road is a substantial factor in contributing to an accident. We find it improper to create such a rule absent legislative direction, and agree with the court of appeals treatment of the issue: while no one would take issue with the fact that Ms. Petre's unacceptable and illegal actions in driving while intoxicated should be weighed heavily against her in considering the extent of DOTD's duty to her, intoxication alone is not enough to automatically prevent her form recovering for DOTD's fault. It is merely a factor to consider in Louisiana's comparative negligence scheme." Id. at 1113-1114.
In the case sub judice after review of all testimony, we find as the trial court did that, although Ms. De La Cruz's intoxication was weighed against her in considering the extent of the Parish's duty to her, Ms. De La Cruz's intoxication is not enough to automatically prevent her from recovering for the Parish's fault. We find that the trial court properly considered Ms. De La Cruz's intoxication, which resulted in her inattentiveness in leaving the roadway just prior to the accident. However, the trial court reasoned that there is an absence of any evidence that her intoxication played any part in this accident other than its role in her general inattentiveness. Based upon the record, we do not find the trial court's reasoning manifestly erroneous.

FOURTH ASSIGNMENT OF ERROR
In its final assignment of error, the Parish asserts the trial court committed manifest error and abused its discretion by refusing to qualify Mr. William Bachemin as an expert witness in the field of accident reconstruction. It is well settled that the determination of whether to qualify a witness as an expert pursuant to La. C.E. Art. 702 is within the sound discretion of the trial judge. Clement v. Griffin, 634 So.2d 412 (La.App. 4th Cir.1994) writs denied, 637 So.2d 478, 479 (La.1994). The evaluation of conflicts in expert testimony are factual issues to be resolved by the trier of fact, and the determinations of the fact finder should not be disturbed on appeal in the absence of manifest error. Lasyone v. Kansas City Southern R.R., *596 00-2628 (La.4/3/2001), 786 So.2d 682. Trial judges are thus afforded great latitude in deciding whether a prospective expert has the competence, background, and experience to testify as an expert. Longman v. Allstate Ins. Co., 635 So.2d 343 (La.App. 4th 1994).
The trial court evaluated Mr. Bachemin's credentials as they applied to his expertise regarding accident reconstructions and sustained Petitioners' objection. Upon sustaining the objection the court reasoned:
"He will not be qualified. Mr. Mullin (attorney for PPG), for the record, the only difference between his testimony and the testimony of a police officer who investigates the scene of an accident and from whom an opinion would be solicited as to the causation of the accident would be that the other guy at least saw the scene of the accident. The court finds he lacks the qualifications in order to lend an expert opinion as to the cause of this accident or to reconstruct the accident as he believes it occurred."
The trial court evaluated Mr. Bachemin's relevance and expertise regarding the proceeding and concluded that he should be excluded. In accordance with well-established case law, we find the appellant's final assignment of error without merit. We do not find that the trial court abused its discretion.

CONCLUSION
For the forgoing reasons, we affirm the holding of the trial court.
AFFIRMED.
NOTES
[1] It was the custom in Plaquemines Parish for residents to place trash and debris on the side of the road for pickup by the parish government. This free service of the parish was performed on a regular basis and the residents did not have to call the parish, they simply placed piles of trash next to the road and it was picked up.