965 So.2d 984 (2007)
Roger Wayne PLAYER, Plaintiff-Appellant
v.
Robert BAKER dba RB's Car Wash and Legion Indemnity Company, Defendants-Appellees.
No. 42,451-CA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*985 Davis Law Offices, by S.P. Davis, for Appellant.
Rick Fayard, Bossier City, for Appellees.
Before STEWART, GASKINS and PEATROSS, JJ.
STEWART, J.
Roger Wayne Player sued Robert Baker d/b/a RB's Car Wash and Legion Indemnity Company for personal injury and property damages sustained when the rupture of a hose caused him to lose control of the spray wand while washing his truck. The trial court denied Player's claim upon finding that the defendants exercised reasonable care in their maintenance of the car wash and could not have know of the ruin, vice, or defect in the hose. Player asserts that the trial court erred in ruling in favor of the defendants and in allowing testimony by two "surprise" witnesses for the defense. Finding no error, we affirm the trial court's judgment.

FACTS
On February 4, 2000, Roger Player went to RB's Car Wash in Plain Dealing, Louisiana, to wash his 1984 Chevy Silverado truck. RB's Car Wash is a self-service facility with three bays for washing vehicles. Player held the spray wand in his left hand while he inserted the coins to start the wash. According to Player's testimony, he heard the sound of the wash starting and then felt a blast of water hit his head. The spray wand was "snatched" out of his hand and began moving uncontrollably around the bay, hitting Player and his truck numerous times before he could turn the wash off. Player injured the left side of his head and the left wrist. His truck sustained damages to the hood, windshield, along the passenger side, and to the back fender area.
*986 John D. Montgomery, a friend of Player's, testified that he was at the car wash with Player, but in the next bay, when the incident happened. He heard unusual noises and went around the bay to investigate. Montgomery saw Player "wrestling" with the hose and spray wand on the passenger side of his truck.
After the wash stopped, Montgomery went for help and procured the assistance of Officer Jeffery Allen Jones. Officer Jones had no recollection of the incident. According to the accident report Jones prepared, Player complained of damage to his vehicle. No personal injury was noted on the report.
Also after the incident, Player called a number posted at the car wash and spoke to Rosemary Baker about what happened. Mrs. Baker called her husband, who went to the car wash with his son-in-law, Chris Ayres. Mr. Baker testified that he observed a one-inch split in the hose about four feet up from the spray handle.[1] He described the hose as a Goodyear rubber hose with three layers of stainless steel wire mesh and a one-eighth inch skin covering it to protect automobiles from damage. He described seeing a "limb scratch" from the front to the back of Player's truck and a "peck" on the windshield underneath a wiper blade. Baker testified that he and his wife own five car washes. They check the car washes every morning by inserting coins into each machine and running the cycles. Mrs. Baker testified that she checked the Plain Dealing car wash the morning of February 4, 2000. No problems were found.
Player sought medical treatment for his injuries at North Caddo Medical Center. Medical records from that visit note him to have minor contusions to his left head and wrist, but no significant soft tissue swelling. On February 6, 2000, he sought treatment at the emergency room of Willis-Knighton in Bossier City. He was diagnosed with acute closed head injury, but a CT scan was negative. He was also noted as having nonspecific left wrist tenderness, diagnosed with acute left wrist contusion, and given a splint to wear. He sought follow-up treatment for headaches from his primary care physician, Dr. Attlia Balough, until mid-March 2000.
After suit was filed, trial was delayed for some time due to the parent company of the Bakers' insurer being placed into rehabilitation. A bench trial was finally held on October 30, 2006. The trial court ruled in the defendants' favor finding that the Bakers had exercised reasonable care in their maintenance of the car wash and that they could not have known of any ruin, vice, or defect in the hose prior to it bursting. Judgment was rendered in favor of defendants, and this appeal by Mr. Player followed.

DISCUSSION
The law applicable to the plaintiff's claim of negligence by the defendants is set forth in La. C.C. Art. 2317.1 as follows:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
*987 The addition of Article 2317.1 to the Civil Code in 1996 did away with the concept of strict liability for defective things by imposing on plaintiffs the added burden of proving the defendant either knew or, with the exercise of reasonable care, should have known of the ruin, vice, or defect. Johnson v. Entergy Corp., 36,323 (La.App.2d Cir.9/20/02), 827 So.2d 1234; Davis v. Diamond Shamrock Refining and Marketing Co., 34,309 (La.App.2d Cir.12/6/00), 774 So.2d 1076. In addition to proving this knowledge element, the plaintiff must also prove that the defendant had custody of the thing which caused injury, that the thing contained a defect (meaning a condition that created an unreasonable risk of harm), and that the defective condition caused the plaintiff's injury. Davis, supra.
The Bakers' custody of the car wash and its equipment is not in question, nor is the fact that Player sustained some injury from the accident. Player argues that the rupture of the hose was a defect that created an unreasonable risk of harm. Moreover, he argues that the defect should have been discovered by the Bakers if they conducted daily inspections as they stated in their testimony. Player notes that the Bakers did not produce any records to support their claim of daily inspections, and he suggests that they either failed to inspect the car wash that day or failed to inspect the hose on the day of the accident.
Assuming that the rupture of the hose, as described by the plaintiff, is a defect or condition that created an unreasonable risk of harm, the plaintiff must still prove that the defendants either knew or, with the exercise of reasonable care, should have known of the defect in the hose. This means that Player must prove the Bakers had actual or constructive knowledge of the defect. Johnson, supra. Under the concept of constructive knowledge, the defendant has the duty to act reasonably to discover apparent defects in things under his garde. Id.
The trial court rendered a judgment in favor of the defendants. As explained in its reasons for judgment, the trial court found that the Bakers exercised reasonable care in checking the car washes daily and found no apparent defect in the hose or indication of its potential to burst. The trial court concluded the Bakers could not have known of the ruin, vice or defect in the hose through the exercise of reasonable care. The trial court's judgment denying the plaintiff's claim is subject to the manifest error standard of review. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). The issue to be resolved is not whether the trial court was right or wrong, but whether its conclusion was a reasonable one in light of the record reviewed in its entirety. Id.
The only evidence pertaining to the knowledge element came from the Bakers. Mr. Baker testified that he and his wife, Rosemary, shared the job of checking the five car washes they own. He explained that the car washes are open twenty-four hours a day and are checked once a day, typically some time in the morning, by operating each wash through the various cycles. However, they keep no written policies, procedures, or records of their daily maintenance. On the day of the accident, his wife had checked the car wash in Plain Dealing where the accident occurred. When Mr. Baker inspected the hose after the accident, he found a one-inch gap or split which he described as "protruding from outside in."
Rosemary Baker testified that she assists her husband with maintenance of the car washes and that she had checked the Plain Dealing car wash on the morning of the accident. She checked the equipment in each bay by inserting money and running the washes through the cycles. She found no problems.
*988 We note that plaintiff's counsel objected to Mrs. Baker's testimony on the grounds that she was a surprise witness who was not disclosed in discovery.[2] Plaintiff argues on appeal that the trial court erred in allowing her testimony, because it formed the cornerstone of the court's ruling and prejudiced his case. Plaintiff's counsel's complaint that Mrs. Baker's name was not listed as witness in response to discovery requests is unsupported. The discovery referred to is not in evidence. Moreover, counsel should have been on notice of the possibility of Mrs. Baker being a witness from the fact that Player spoke to her after the accident when he called the phone number posted at the car wash to report what had occurred. We find no error in the trial court's overruling plaintiff's objection to Mrs. Baker's testimony.
The Bakers' testimony established that they checked their five car washes each day by running the equipment at each through all the cycles. Both Richard and Rosemary testified that Rosemary checked the Plain Dealing car wash on the morning of the accident and no problem was discovered. Though Mr. Player had the burden of proving that the Bakers knew or should have known of the defect in the hose, he produced no evidence and offers on appeal only the unsupported supposition that the Bakers neglected to check the Plain Dealing car wash on the day of the accident. The Bakers exercised reasonable care in checking the car wash daily. There is no showing that they knew or should have known of the defect in the hose prior to the incident.
There is also no evidence in the record as to what exactly caused the slit in the hose. We do not know whether it was a sudden burst or rupture due to wear and tear that might have been visible upon inspection prior to the incident, or whether it was a cut or gash in the hose that could have been made by some mechanical means after Mrs. Baker had inspected the car wash that morning. The fact that an accident occurred does not allow us to infer the existence of an unreasonable risk of harm, nor does it allow us to infer that the Bakers failed to exercise reasonable care which otherwise would have led them to discover some defect in the hose.
Having reviewed the record in its entirety, we find no manifest error in the trial court's judgment.

CONCLUSION
For the reasons stated, we affirm the trial court's judgment. Costs are assessed to appellant.
AFFIRMED.
NOTES
[1] Though the plaintiff's petition named Robert Baker as the defendant, Mr. Baker testified at trial that his name is Richard Baker.
[2] Plaintiff also assigned error to the trial court's ruling which allowed defense counsel to stipulate that the testimony of Chris Ayres, the Bakers' son-in-law, would be the same as Mr. Baker's testimony regarding their post-accident testing of the carwash equipment. However, plaintiff did not argue this error in his brief, and the matters to which Ayres' testimony pertains were proffered and have not been considered in this appeal.