CARAWAY, J.
 

 | plaintiff, on behalf of her minor daughter, brought a negligence action under Civil Code Article 2317.1 against a grocery store for injuries sustained by the child when she fell from the child seat of a grocery cart. Plaintiff asserts that a snap on the safety belt for the child’s seat broke because of a defect. Plaintiff insists that the allowance for “the doctrine of
 
 res ipsa loquitur ”
 
 under Article 2317.1 mandates her recovery and that the trial court’s grant of defendant’s motion for summary judgment to the contrary was in error. For the following reasons, we affirm the trial court’s ruling.
 

 Facts
 

 On October 15, 2006, Ashley Shuff went grocery shopping at the Super One Foods in Bastrop, Louisiana. Shuff was accompanied by her two children and her sister, Tracy Barton. Upon arriving at the store, Shuff placed 20-month-old Cloe into the child seat of one of the store’s shopping carts. The child seat, which was separate from the grocery compartment, consisted of a gray, plastic add-on located at the front of the cart. Shuff ensured that Cloe was secured into the child seat by fastening the seat belt over her shoulders and around her waist. The seatbelt consisted of a nylon strap and two plastic snaps, all of which appeared to Shuff to be free from defect as Cloe was placed into the cart. Warning labels were placed on the shopping cart advising customers not to leave children unattended.
 

 While Shuff and Barton were shopping in the store’s meat department, they were abruptly interrupted by the sound of Cloe crying. As |2Shuff turned around to look at the child, she observed Cloe falling from the cart. She tried to reach for her, but the child nevertheless fell to the store’s concrete floor. A store patron who witnessed the accident, later identified as James Radican, picked the child up from the floor and handed her to her mother. Radican inspected the child seat and noticed that a prong on the seat belt’s snap was broken. Shuff reported the incident to the store’s assistant manager, Mike Tarver, who was on duty at the time of the incident. Cloe was then taken to More-house General Hospital where she was x-rayed and later placed in a cast for a fractured arm.
 

 As a result of the accident, Shuff filed suit on behalf of her minor daughter, Cloe, against Brookshire Grocery Company, d/b/a Super One Foods (“Brookshire”) for the damages related to the October 15, 2006 accident. Brookshire moved for summary judgment, relying on Louisiana Civil Code Articles 2315 and 2317.1, addressing negligence in general and for damages caused by ruin, vice, or defect in things. Shuff responded with her own motion for summary judgment, seeking to resolve the issue of liability which she claimed to be governed by the doctrine of
 
 res ipsa loqui-tur.
 
 On July 13, 2009, after a hearing on the motions, the trial court simultaneously overruled Shuffs motion for summary judgment and granted Brookshire’s motion, dismissing all demands against Brookshire with prejudice. Shuff now appeals this ruling.
 

 Discussion
 

 We review the grant of a motion for summary judgment de novo.
 
 Schroeder v. Board of Sup’rs of Louisiana State University,
 
 591 So.2d 342 (La.1991);
 
 Steier v. Heller,
 
 31,733 (La.App.2d Cir.5/5/99), 732 So.2d 787. A motion for summary judg
 
 *1032
 
 ment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Affidavits in support of or in opposition to motions for summary judgment must be filed into evidence at the hearing on the motion or filed into the record in order for the affidavits to be part of the record on appeal. La. C.C.P. art. 966;
 
 Hutchinson v. Knights of Columbus, Council No. 5747,
 
 03-1533 (La.2/20/04), 866 So.2d 228. If the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
 

 The issues raised by the plaintiffs accident are governed by Article 2317.1 of the Louisiana Civil Code (hereinafter “Article 2317.1”). This article provides that:
 

 The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could |4have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of
 
 res ipsa loquitur
 
 in an appropriate case.
 

 The addition of Article 2317.1 to the Civil Code in 1996 did away with the concept of strict liability for defective things by imposing on plaintiffs the added burden of proving the defendant either knew or, with the exercise of reasonable care, should have known of the ruin, vice, or defect.
 
 Player v. Baker,
 
 42,451 (La.App.2d Cir.9/19/07), 965 So.2d 984;
 
 Johnson v. Entergy Corp.,
 
 36,323 (La.App.2d Cir.9/20/02), 827 So.2d 1234;
 
 Davis v. Diamond Shamrock Refining and Marketing Co.,
 
 34,309 (La.App.2d 12/6/00), 774 So.2d 1076. In addition to proving this knowledge element, the plaintiff must also prove that the defendant had custody of the thing which caused injury, that the thing contained a defect (meaning a condition that created an unreasonable risk of harm), and that the defective condition caused the plaintiffs injury.
 
 Davis, supra.
 

 Conceding that Brookshire did not know, nor could it have known of a defect present in the seat belt, Shuff specifically argues the last sentence of Article 2317.1, which allows for the application of
 
 res ipsa loquitur
 
 in the appropriate ease. In explaining the use of
 
 res ipsa,
 
 our Supreme Court has said:
 

 The doctrine of
 
 res ipsa loquitur
 
 involves the simple matter of a plaintiffs using circumstantial evidence to meet the burden of proof by a preponderance of the evidence. The doctrine merely assists the plaintiff in presenting a pri-ma facie case of negligence when direct evidence is not available. The doctrine permits, but does not require, the trier of fact to infer negligence from the circumstances of the event ... [citations omitted]
 

 [[Image here]]
 

 \,Use of the doctrine of res ipsa loquitur in a negligence case, as in any case
 
 
 *1033
 

 involving circumstantial negligence, does not relieve the plaintiff of the ultimate burden of proving by a preponderance of the evidence all of the elements necessary for recovery.
 

 Cangelosi v. Our Lady of the Lake Medical Center,
 
 564 So.2d 654 (La.1989) (emphasis ours).
 

 Res ipsa loquitur
 
 only applies where direct evidence of defendant’s negligence is not available to assist the plaintiff to present a prima facie case of negligence.
 
 Linnear v. Centerpoint Energy Entex/Reliant Energy,
 
 06-3030 (La.9/5/07), 966 So.2d 36. In order to apply
 
 res ipsa loqui-tur,
 
 three criteria must first be satisfied: (1) the injury is of the kind which does not ordinarily occur in the absence of negligence on someone’s part; (2) the evidence sufficiently eliminates other more probable causes of the injury, such as the conduct of the plaintiff or of a third person; and (3) the alleged negligence of the defendant must be within the scope of the defendant’s duty to the plaintiff.
 
 Id.
 

 Thus, with the enactment of Article 2317.1 in 1996, redefining the custodian’s responsibility in tort for defective things, the inclusion of the last sentence of Article 2317.1 did not add to that substantive definition for the tort but only allowed for the evidentiary doctrine of
 
 res ipsa loquitur.
 

 In this case, the necessity of circumstantial evidence for proof of the defendant’s ownership or custody of the shopping cart, the defect in the seat belt snap, and the causal relationship between the broken snap and the child’s injury was not great as there was direct evidence available to assist the plaintiff for proof of those elements of her claims under Article 2317.1. Regarding the condition of the seat belt snap, which should not have been 1 fibroken by the child under normal use in the absence of some defective condition, the conclusion might be reached that such condition presented an unreasonable risk of harm.
 
 Cf., Ross v. La Coste de Monterville,
 
 502 So.2d 1026 (La.1987) (where plaintiff proved his case under Louisiana’s former strict liability for the collapse of defendant’s ladder which contained an undetectable structural defect). Such conclusion regarding a defect or vice in the thing, however, is not generally understood as a consequence of the application of the doctrine of
 
 res ipsa loquitur
 
 regardless of the circumstantial evidence involved in reaching the conclusion.
 
 [1]
 

 Nevertheless, regardless of whether
 
 res ipsa loquitur
 
 might apply to aid the plaintiff in proof of the elements of ownership, defect and causation for her claim under Article 2317.1, it has been shown by Brookshire’s motion that she will be unable to prevail in this action. This is because the final element for recovery concerns the defendant’s knowledge of the defect which is unprovable in this case according to Shuff s own admission. The affidavit of the defendant’s assistant manager revealed that neither he, nor any employee, had direct knowledge of a problem with the seat belt snap before this accident. The fact that the snap properly functioned immediately before the accident when Shuff placed the child in the harness demonstrates a lack of constructive knowledge of the defect by Brookshire.
 

 
 *1034
 
 | ./Accordingly, since Shuff failed to produce factual support sufficient to establish that she would be able to prove that Brookshire knew, or in the exercise of reasonable care, should have known of the alleged defect which caused the damage, we find that her claim under Article 2317.1 for Brookshire’s liability for its ownership of the shopping cart must fail. Since actual or constructive knowledge is an essential element of the plaintiffs cause of action, the trial court’s judgment is affirmed. Costs of appeal are assessed to appellant.
 

 AFFIRMED.
 

 [1]
 

 . As shown by the three criteria for
 
 res ipsa loquitur
 
 listed above, the doctrine generally applies in cases involving a negligent act of the defendant, and not for the assessment of his ownership of an allegedly defective thing. As in the classic case of
 
 Byrne v. Boadle,
 
 2 H. & C. 722, 159 Eng.Rep. 299 (1863), the runaway barrel of flour which rolled out of the defendant’s business premises causing injury gave rise circumstantially to the conclusion that it must have been caused by the defendant's act of negligence.