GAIDRY, J.
| ¿This is an appeal of a judgment on a summary proceeding for collection of delinquent sales and use tax, injunction, and petition for attorney’s fees. Plaintiff/appellant is the Livingston Parish School Board, through its Sales and Use Tax Division (“Collector”), and Defendants/appel-lees are Hwy 43 Cornerstore, L.L.C., Raymond K. Goodwin, and Brandy L. Goodwin (collectively “Taxpayers”). The 21st Judicial District Court ruled that Taxpayers were liable to Collector for delinquent taxes, denied the injunction, and granted attorney fees. Collector now appeals the award amounts and the denial of the injunction. For the following reasons, we affirm in part, reverse in part, and remand to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
The instant case is substantially related to a previous lawsuit brought by Collector, captioned Livingston Parish School Board, through its Sales and Use Tax Division v. Jp3 Grocery & Deli. LLC, et al.,[1] docket number 130,755 of the 21st Judicial District Court. In that lawsuit, a Stipulated Consent Judgment was signed by all parties and the trial judge, Honorable Elizabeth P. Wolfe, on December 13, 2010, ordering the taxpayers/defendants to pay delinquent sales and use taxes to Collector in the sum of $17,360.87, and to pay an additional 10% of that amount in attorney fees ($1,736.09). The court gave the taxpayers until January 12, 2011 to pay these amounts to collector. If the taxpayers did not pay, the court would enforce a lien against the taxpayers’ property in fa *712 vor of Collector and enjoin the taxpayer’s business from further operation until all [.-¡delinquent monies were paid.[2] The judgment was subsequently recorded by Collector in the Livingston Parish mortgage records.[3] All appeal delays had run without the taxpayer filing any motions for appeal, and the judgment became final and nonappealable.
In the petition of the instant case, filed August 5, 2011, Collector claims the judgment of the previous suit went unpaid after the imposed deadline and remains unpaid to this day. Although the defendants in the instant suit are different from those in the previous one, Collector claims that Hwy 43 Cornerstore, L.L.C., Raymond K. Goodwin, and Brandy L. Goodwin are all “successors” of the “predecessor” business, 43 Grocery & Deli, L.L.C., and its owner, Betty Goodwin; as such, Taxpayers are liable for the unpaid debts of their predecessors pursuant to La.R.S. 47:337.21. Collector now claims that the total tax debt of Taxpayers and their predecessor, compounded with interest, is $22,501.96.
In addition to the tax debt, Collector petitioned for an injunction against Taxpayers’ business until all aforementioned debts are paid, as well as attorney fees in 10% of the total tax debt. Collector attached as an exhibit to its petition an affidavit of correctness for the total tax debt amount.
Taxpayers never filed any answers, affirmative defenses, discovery, or pleadings of any sort. The matter came up for summary proceeding on October 31, 2011. Raymond and Brandy Goodwin appeared pro se and on behalf of Hwy 43 Corner-store, L.L.C.[4] The Honorable Zorraine Waguespack rendered judgment on the same day. In the judgment, the court |4held Taxpayers liable individually and in solido for only the tax debts incurred during the time they owned and operated Hwy 43 Cornerstore, L.L.C. ($1,359.40), but not the tax debt of their predecessors. The court denied the injunction of Taxpayers to operate their business while their tax debts remained outstanding, and Collector was awarded $350.00 in attorney fees, which, while it is above 10% of the actual award, Collector had prayed for attorney fees to be 10% of the total tax debt of Taxpayers and their predecessors, which Collector claims to be $22,501.96, plus interest.
Collector filed a motion for a suspensive appeal on November 9, 2011, which was granted the same day. The appeal is now before this Court.
ASSIGNMENTS OF ERROR
Collector’s assignments of error are listed as follows:
(1) The trial court erred in failing to find that Collector’s petition was pri-ma facie correct and properly attested to in accordance with La.R.S. 47:337.61, and by failing to grant Collector judgment in its favor as prayed for when Taxpayers failed to file any defenses, whether by excep *713 tion or to the merits, as required by La.R.S. 47:337.61(2).
(2) The trial court erred in considering Taxpayers’ defenses when Taxpayers failed to file any, whether by exception or to the merits, as required by La.R.S. 47:337.61(2).
(3) The trial court erred in denying Collector’s claim seeking to impose liability against Taxpayers for the Livingston Parish sales tax debts of its predecessor, 43 Grocery & Deli, L.L.C.
(4) The trial court erred in finding that Collector’s final Stipulated Consent Judgment against 43 Grocery & Deli, L.L.C. for Livingston Parish sales taxes, penalties, interest, attorney fees, and court costs precluded Collector from also obtaining judgment against Taxpayers for 43 Grocery & Deli, L.L.C.’s tax debts pursuant to 47:337.21.
(5) The trial court erred in denying Collector’s request that Taxpayers be enjoined from the further pursuit of business in Livingston Parish until all sums found due are paid in full.
(6) The trial court erred in allowing Taxpayer an arbitrary thirty (30) day deadline to pay the amounts awarded in the Judgment.
(7) The trial court erred in awarding statutory attorney fees pursuant to La.R.S. 47:337.13.1 in the amount of only $350.00.
STANDARD OF REVIEW
The assignments of error call into question both the trial court’s interpretation of the various pertinent statutes of Title 47 of the Louisiana Revised Statutes, as well as the court’s findings as to the merits and evidence. As the appeal contains mixed questions of law and fact, we apply the manifest error standard of review. See Moore v. Department of Police, 2006-1217, p. 3 (La.App. 4 Cir. 1/17/07), 950 So.2d 96, 97, Dufrene v. Morgan Equipment Rental, Inc., 98-1582 (La.App. 1 Cir. 9/24/99), 754 So.2d 1000,1005.
DISCUSSION
Louisiana Revised Statutes 47:337.61 provides an expedited means of adjudicating all tax-related claims through summary proceeding. A summary proceeding was held by the trial court on October 31, 2011. Whenever a taxing authority petitions a court for one of these summary proceedings, La.R.S. 47:337.61(4) details what the taxing authority must present to the court:
Whenever the pleadings filed on behalf of the taxing authority, ... or collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything of the contrary shall rest wholly on the defendant or opposing party.
Effectively, in order for a tax collector’s affidavit to establish a prima facie case and shift the burden of proof to the opposing party, the affiant must allege that all of the facts concerning the pleadings are “true to the best of the affiant’s knowledge or belief;” without this personal attestation by the affiant, the taxing authority neither meets nor shifts its burden of proof. |Strain v. Tony Crosby’s Furniture Gallery, 2008-1807 (La.App. 1 Cir. 3/27/09), 9 So.3d 1017,1019,1020.
Collector did include an affidavit of correctness along with its petition, attached as Exhibit “E” and found in the record. The affiant is a Philip D. Berger *714 on, CTE, employed as Assistant Sales Tax Director of the Sales and Use Tax Division of the Livingston Parish School Board. His testimony is that he read Collector’s petition, and that all of the allegations contained therein are true and correct “to the best of his knowledge and belief.” Collector’s petition therefore makes a pri-ma facie case according to 47:337.61(4) and shifted the burden of proof to Taxpayers.
Taxpayers did not file any pleadings in the instant case. They did not propound discovery, nor did they plead affirmative defenses of any kind. The only action found in the record that was taken by Taxpayers was their appearance in court on October 31, 2011. There Raymond Goodwin testified on his own behalf, and apparently on the behalf of Hwy 43 Cornerstore, L.L.C.
Louisiana Revised Statutes 47:337.61(2) states, in pertinent part:
All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. (Emphasis added,)
It is clear by the language of this statute that if Taxpayers had any defenses to present, they should have been filed with the court prior to October 31, 2011. The trial court was erroneous to allow and accept the testimony of Mr. Goodwin, which we believe influenced the trial court’s judgment. Since Mr. Goodwin’s testimony should not have been considered by the trial court, it will not be considered in this opinion.
17Collector claims that Taxpayers are liable for the tax debt of 43 Grocery & Deli, L.L.C. and Ms. Betty Goodwin, who were predecessors to Taxpayers’ business. Since we cannot consider Raymond Goodwin’s testimony from October 31, 2011 on this issue, we look to the rest of the record to determine whether this tax predecessor relationship exists.
Taxpayers filled out a Tax Account Application with Livingston Parish prior to opening their business. Most notably, Taxpayers stated in the application that the business would have one location in the parish, that the legal name of the business would be Hwy 43 Cornerstore, L.L.C., and that the business had separate physical and mailing addresses in Independence, Louisiana. The “contact person” of the business would be Raymond Goodwin. Established as a limited liability company, the two members were Raymond and Brandy Goodwin, with Raymond named as the agent for service of process. The nature of business is given as “Retail Sales, Convenience Store.”
First we note the striking similarity between the business names of Taxpayers and the alleged predecessors. Also, we note that Ms. Betty Goodwin is the mother of Raymond Goodwin. We further note that the address of both 43 Grocery & Deli, L.L.C. and Ms. Goodwin, as it appears on the judgment rendered against them and in favor of Collector on December 13, 2010, is the same address of Hwy 43 Cornerstore, L.L.C., and is also given as a valid address for service of process on Raymond and Brandy Goodwin. Collector had also sent a tax bill to Taxpayers, where they were assessed for the tax debt of the predecessors as well as their own.
Since Collector has established a prima facie case against Taxpayers, we can assume that Collector’s evidence is competent. See Richard v. Tri-J Indus. Const., Inc., 478 So.2d 215, 216, 217 (La. App. 3 Cir.1985). Prima \ ¡facie evidence is defined as evidence sufficient to estab *715 lish a given fact which, if not rebutted or contradicted, will remain sufficient. Harris v. Regional Transit Authority, 95-0282 (La.App. 4 Cir. 9/28/95) 662 So.2d 134, 137. It is clear that Taxpayers stepped into the shoes of the predecessors, so to speak, and assumed both the assets and liabilities of the predecessors. We therefore find that 43 Grocery & Deli, L.L.C. and Betty Goodwin are the tax predecessors of Taxpayers, making Taxpayers liable for their unpaid tax debt, according to La.R.S. 47:337.21(A), which states, in pertinent part:
If any dealer liable for any tax, interest, or penalty levied hereunder sells his business or stock of goods or quits the business, he shall make a final return and payment within fifteen days after the date of selling or quitting the business. His successor, successors, or assigns, if any, shall -withhold sufficient of the purchase money to cover the amount of such taxes, interest, and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods fails to withhold purchase money as above provided, he shall be personally liable for the payment of the taxes, interest, and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assigns.
It is clear from the record that Taxpayers did not follow the procedures outlined in 47:337.21(A) and are now personally liable for the tax debt, including interest and penalties, of the predecessors. The trial court was manifestly erroneous to not hold Taxpayers liable for the predecessors’ tax debt.
As Taxpayers have failed to pay their tax debts, Collector properly sought injunction as an additional remedy. This remedy is provided by La.R.S. 47:337.33, which states, in pertinent part:
A. (1) On motion in a court of competent jurisdiction, the collector may take a rule on a taxpayer, to show cause in not less than two or more than ten days, exclusive of holidays, IflWhy the taxpayer should not be ordered to cease from further pursuit of his business for failure to pay to the taxing authority amounts collected from others by his business as sales and use tax, along with any interest, penalty, and costs related to such tax. Such rule may be taken only for amounts due as a result of assessments or judgments which have become final and nonap-pealable.
* * *
(3)(a) If the rule is made absolute, the order rendered thereon shall be considered a judgment in favor of the taxing authority, and the court shall enjoin and prohibit the taxpayer from the further pursuit of his business until such time as he has paid the delinquent tax, interest, penalties, and all costs or has entered into an agreement with the collector to do so. (Emphasis added)
Collector presented to the trial court a final, nonappealable judgment against Taxpayers’ predecessors, which would now be the liability of Taxpayers. Collector was able to file a rule for injunction against Taxpayers under 47:337.33(A)(1), which the trial court was required to grant under 47:337.33(A)(3)(a) with respect to the debt of the predecessors only. There is no provision in the statute that allows a trial court to suspend the injunction for any time or until the tax debt is paid. When the law states in 47:337.33(A)(3)(a) that the *716 court “shall enjoin” the taxpayer from further pursuit of business, we see no way to interpret the language in such a liberal manner as to permit a court to grant a taxpayer time to pay a tax debt before issuing the injunction. Since we can find no basis in the law for the thirty day delay for Taxpayers to pay what was awarded to Collector, we find this part of the trial court’s judgment to be arbitrary. The trial court was further in error in denying the injunction against Taxpayers, when it was statutorily required to do so.
Finally, Collector requested that it be awarded attorney fees in accordance with La.R.S. 47:337.13.1. The pertinent section of that statute reads:
_[1S(A)(2) If any taxes, penalties, or interest due to and final under this Subtitle are referred to an attorney at law for a collection action, an additional charge for attorney fees, in the amount of ten percent of the taxes, penalties, and interest due, except with respect to amounts timely paid under protest with a return that is not delinquent, or paid under protest to a vendor in accordance with law, shall be paid by the taxpayer to the local collector; provided, however, that the amount paid for attorney fees shall be subject to the discretion of the court as to reasonableness.
As stated earlier, we find Taxpayers are liable for their own tax debt, as well as their predecessors’, including interest. In accordance with this statute, attorney fees should be awarded as ten percent (10%) of that amount, but subject to the discretion of the court. We believe that the attorney fees can be higher or lower than ten percent, if that would be reasonable in the instant case.
We note at the outset that only a summary proceeding was had. No defenses or exceptions were filed by Taxpayers. Taxpayers did not propound discovery. All of these actions would have increased the work for the attorneys hired by Collector. As such, a judgment in this case was rendered relatively quickly. Where the trial court decided to award Collector only the tax debt personally incurred by Taxpayers, the awarded attorney fee of $350.00 seemed adequate; however, we submit that the trial court’s judgment was in error. Taxpayers’ liability included both their and their predecessors’ tax debts, totaling $22,501.96, plus interest. In that circumstance, $350.00 would appear to be an inadequate amount for attorney fees. Upon remand, the trial court will have to reconsider the attorney fees relative to Collector’s adjusted award. While we disagree with the trial court’s awarding Collector only the personal tax debt of Taxpayers, we do not disagree with the trial court’s methodology in calculating attorney fees.
In CONCLUSION
The trial court’s judgment is manifestly erroneous in several ways: it does not recognize that the Collector had made a prima facie case; it improperly considered testimony by Raymond Goodwin; it does not award Collector the tax debt and interest of Taxpayers’ predecessors, 43 Grocery & Deli, L.L.C. and Betty Goodwin; and it did not immediately enjoin Taxpayers from conducting business until Collector’s award was paid. We therefore affirm the trial court’s judgment in favor of Collector and against Taxpayers for their own tax debt, but reverse the trial court’s denial of Taxpayers’ liability for their predecessors’ tax debt, with interest. We also reverse the trial court’s denial of the injunction sought by Collector against Taxpayers, which is to be effective immediately until Taxpayers have paid all awards to Collector. We reverse the trial court’s award of $350.00 in attorney fees and remand for the trial *717 court to calculate reasonable attorney fees pursuant to La.R.S. 47:337.13.1, based on the total tax debts of Taxpayers personally and that of their predecessors.
DECREE
The decision of the lower court in favor of Collector and against Taxpayers in the amount of $1,359.40 is affirmed.
The denial of the lower court to award Collector the delinquent tax debt of Taxpayers’ predecessors, 43 Grocery & Deli, L.L.C. and Betty Goodwin, against Taxpayers is reversed and judgment is hereby awarded in favor of Collector and against Taxpayers in the amount of $22,501.96, together with interest.
The denial by the lower court to enjoin Taxpayers from further conduct of business until all due sums are paid to Collector is reversed, and Taxpayers are to be so enjoined immediately.
| isThe lower court’s order to grant Taxpayers thirty (30) days to pay all sums due to Collector is reversed and upon remand the trial court is directed to enter judgment in favor of the Collector and against defendants in the amount of $22,501.96, together with interest. Said judgment shall make specific reference to the prior judgment in favor of the Collector against 43 Grocery & Deli, L.L.C. dated December 13, 2010 and recorded in the Livingston Parish mortgage records so that the inscription thereof may be canceled in the event payment is made. All sums due to Collector by Taxpayers are to be due immediately.
The lower court’s decision to grant Collector $350.00 in attorney fees is reversed and remanded to the lower court to be granted in accordance with this opinion and La.R.S. 47:337.13.1.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.

. The defendant/taxpayer in that matter is not the same as Taxpayer in the instant case.

. The owner/operator of 43 Grocery & Deli, L.L.C. was Ms. Betty Goodwin, mother of Raymond K. Goodwin, one of the taxpayers in the instant case.

. File number 733932, Book 1839, Page 11.

.Neither Raymond nor Brandy Goodwin are licensed to practice law in the State of Louisiana. While they may represent themselves, their representing and advocating for Hwy 43 Cornerstore, L.L.C. may have been an unauthorized practice of law under La.R.S. 37:213.