STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-531


LAFAYETTE PARISH SCHOOL BOARD THROUGH ITS SALES AND
USE TAX DIVISION

VERSUS

IMAGINE MANAGEMENT, LLC, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2018-1279
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Phyllis M. Keaty,
Judges.


**Cooks, J., concurs.**


**REVERSED AND REMANDED.**

**Jill Marie Kraemer**
**Koury & Hill**
**Post Office Box 52025**
**Lafayette, Louisiana 70505**
**(337) 889-5409**
**Counsel for Plaintiff/Appellant:**
      **Lafayette Parish School Board**
      **Through its Sales and Use Tax Division**

**Drew M. Talbot**
**Rainer Anding & Talbot**
**8480 Bluebonnet Boulevard, Suite D**
**Baton Rouge, Louisiana 70810**
**((225) 766-0200**
**Counsel for Plaintiff/Appellant:**
      **Lafayette Parish School Board**
      **Through its Sales and Use Tax Division**

**Imagine Management, LLC**
**c/o Toby Dore**
**416 ½Vermilion Street, Apartment C**
**Lafayette, Louisiana 70501**

**Cajun Hostel LLC**
**c/o Toby Dore**
**416 ½Vermilion Street, Apartment C**
**Lafayette, Louisiana 70501**

**Toby Dore**
**In Proper Person**
**416 ½Vermilion Street, Apartment C**
**Lafayette, Louisiana 70501**

**KEATY, Judge.**

The Lafayette Parish School Board, through its Sales and Use Tax Division (the Collector), appeals a trial court judgment denying its claims against the Defendants, Imagine Management, LLC, Cajun Hostel, LLC, and Toby Dore. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On February 25, 2018, the Collector filed a "Petition for Rule to Show Cause in Summary Sales and Occupancy Tax Proceeding"[1] against the following named Defendants:

> IMAGINE MANAGEMENT, LLC, a Louisiana limited liability company sometimes hereinafter referred to as "Taxpayer," who has at all times pertinent maintained business activities in Lafayette Parish, Louisiana doing business as CAJUN HOSTEL;
>
> CAJUN HOSTEL LLC, a Louisiana limited liability company domiciled in Lafayette Parish; and
>
> TOBY DORE individually, a major domiciliary of Lafayette Parish, Louisiana. . . .

The petition alleged, in pertinent part, as follows:

---

[1] Louisiana Revised Statutes 47:337.61, titled "Collection by summary court proceeding authorized," provides, in pertinent part:

> In addition to any other procedure provided in this Chapter or elsewhere in the laws of this state, and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the taxing authority, or by or on behalf of the collector, for taxes and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:
>
> . . . .
>
> (2) All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses, and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Civil Procedure.

4.

IMAGINE MANAGEMENT, LLC is registered with the Louisiana Secretary of State's office as a Louisiana limited liability company formed on February 14, 2011, and domiciled in Lafayette Parish, with TOBY DORE serving as its manager and its registered agent at all times pertinent hereto. . . .

5.

On or about March 4, 2016, IMAGINE MANAGEMENT, LLC, through its owner, TOBY DORE, registered with Petitioner as a dealer for sales, use and occupancy tax purposes, for its operation of a hostel/ guesthouse/ bed and breakfast business in Lafayette Parish, Louisiana, under the trade name "CAJUN HOSTEL.". . .

6.

Upon information and belief, at all times pertinent hereto, Taxpayer was engaged in business as a "dealer" as defined in La. R.S. 47:301(4)(f)(ii) by furnishing sleeping rooms, cottages, or cabins at residential locations (as defined in La. R.S. 47:301(6)(a)(ii)) in Lafayette Parish to transient guests for a fee, as well as by offering sales at retail of other taxable items. In the course of its operations as such, Taxpayer became liable for Lafayette Parish sales, use and occupancy taxes collected from customers on taxable transactions, as well as the taxes it failed, refused or neglected to collect, pursuant to La. R.S. 47:337.17 and 337.18.

. . . .

17.

Upon information and belief, at some point prior hereto, TOBY DORE ceased operation CAJUN HOSTEL through the limited liability company, IMAGINE MAMAGEMENT LLC, that he had registered with Petitioner as being the operator of CAJUN HOSTEL, and without informing Petitioner, began to operate the same business either individually or through his new entity, CAJUN HOSTEL LLC, and is presently operating in Lafayette Parish in one of those capacities.

According to the petition, after the Taxpayer failed to file monthly Lafayette Parish sales and occupancy tax returns and failed to remit any of the taxes collectible from their customers for taxable periods between June 2016 and September 2017, the Collector, in accordance with La.R.S. 47:337.48(A), computed the amount of taxes, plus penalties and interest, owed to it. Thereafter, on August 11, 2017 and

November 7, 2017, the Collector mailed two "15-DAY NOTICE OF INTENT TO ASSESS" letters, which were addressed as follows:

|                          | Account Number: 00055047 |
|--------------------------|--------------------------|
| CAJUN HOSTEL             | Filing Status:     M     |
| APT C                    |                          |
| 416 1/2 EAST VERMILION ST | Delinquent Status: NPA  |
| LAFAYETTE, LA 70501      | Legal Name:              |
|                          | IMAGINE MANAGEMENT LLC   |

The letters warned:

> NOTICE: You have fifteen calendar days from the date of this notice to either: (a) pay the amount proposed to be assess; (b) pay under protest in accordance with R.S. 47:337.63, and then file suit as provided for in that Section; or (c) submit a protest in writing to this Department [pursuant] to La. R.S. 47:337.49 fully disclosing the reasons, together with facts and figures in substantiation thereof, for objecting to this Department's determination and request a hearing with this Department.

The Collector further alleged in its petition that, after having not received a response within either of the two fifteen-day periods, it issued the Taxpayer "formal Notices of Assessment" by certified and regular mail on September 11, 2017 and December 11, 2017. As a result of the Taxpayer failing to pay the amounts due, the Collector hired an attorney to file this suit. Exhibit G to the Collector's petition indicates that it sought to recover $4,062.05 from the Taxpayer, plus additional interest and penalties accruing after January 31, 2018, along with 10% statutory attorney fees on all amounts due. Paragraph 14 of the Collector's petition asserted (emphasis in original):

> The time for appeal of the Assessments lapsed without Taxpayer making any payments or exercising any of its other options available under La. R.S. 47:337.51, 337.63, or 337.64. Thereafter, pursuant to La. R.S. 47:337.51, those Assessments, including additional statutory interest and penalties accrued thereon, became final and established liabilities of Taxpayer. **Furthermore, those Assessments became, and remain, the equivalent of <u>judgments</u> pursuant to La. R.S. 47:337.68.**

Requests for Admission directed to Imagine Management, LLC, to Cajun Hostel, LLC, and to Mr. Dore were attached to the Collector's petition.

Citing pertinent provisions of the Uniform Local Tax Code, the Collector sought an Order directing the Defendants to show cause: 1) why judgment should not be rendered against the Defendants and in favor of the Collector;[2] 2) why Defendants should not be enjoined from doing business until the sums owed are paid; 3) why local law enforcement should not be ordered to enter the premises of the Defendants to cause all business to cease and to post a notice outside the premises stating that the "business has been shut down for the failure to pay Lafayette Parish sales taxes;" and 4) why a lien should not be placed on the Defendants' property to secure payment of the amounts due.

The trial court set the rule to show cause requested in the Collector's petition for hearing on April 9, 2018, and ordered the Defendants to respond to the discovery propounded to them. By way of an ex-parte letter to the trial court dated March 28, 2018, Mr. Dore requested that the hearing be continued because of a "likely conflict" with his teaching duties at the University of Louisiana. Mr. Dore also asked for more time to respond to requests for admissions. In the letter, Mr. Dore admitted that "[t]his suit was personally served to me on March 2nd 2016," and he indicated that he had a meeting scheduled with a local attorney on the day after the original hearing date. The trial court reset the hearing to April 16, 2018, but denied Mr. Dore's request for an extension of time to answer discovery. The hearing was then continued on behest of the trial court to May 14, 2018. After entertaining oral

---

[2] The Order was worded, in pertinent part, as follows:

> Why judgment should not be rendered herein in favor of Petitioner and Taxpayer/Defendant, IMAGINE MANAGEMENT, LLC, D/B/A CAJUN HOSTEL, in solido with Defendants, CAJUN HOSTEL LLC and TOBY DORE (SSN: XXX-XX-1026) individually, who are personally liable pursuant to La.R.S. 47:337.21, for the delinquent Lafayette Parish sales taxes, with accrued interest and penalties, duly assessed to IMAGINE MANAGEMENT, LLC for its operations as CAJUN HOSTEL for the months of June of 2016 and September of 2016 through September of 2017, AND for the delinquent hotel (occupancy) taxes duly assessed to IMAGINE MANAGEMENT, LLC for its operations as CAJUN HOSTEL for the months of July of 2016 through September of 2017. . . .

4

arguments, the trial court stated in open court that it was "going to deny [the] judgement" sought by the Collector. Written judgment was signed on May 18, 2018. The Collector timely appealed and is now before this court asserting the following assignments of error:

1. The District Court erred by denying Plaintiff's/Appellant's claims for relief against Defendants/Appellees, Imagine Management, LLC and Cajun Hostel, LLC, despite said defendants not filing any defenses in the Suit Record nor appearing at the evidentiary hearing.

   A. The Collector properly filed a prima facie correct summary court proceeding against the three named defendants in accordance with the provisions of La. R.S. 47:337.61.

   B. None of the Defendants filed defenses in the Suit Record as required by La. R.S. 47:337.61(2).

2. The District Court erred by denying Plaintiff's/Appellant's claims for relief against Defendant/Appellee, Toby Dore, despite said defendant not filing any defenses in the Suit Record.

3. The District Court erred by overruling Plaintiff's/Appellant's objections to Defendant/Appellee, Toby Dore, presenting testimony and defenses at the evidentiary hearing despite not filing any defenses as required by La. R.S. 47:337.61(2).

4. In the alternative, and only in the event this Court considers the merits of Plaintiff's/Appellant's underlying claims against each of the named Defendants/Appellees, the District Court erred in finding that the Collector did not assert and establish a valid sales and occupancy tax claim against each of the Defendants/Appellees.

On July 5, 2018, this court mailed Mr. Dore a notice of the lodging of this appeal which informed him that his brief needed to be filed by August 28, 2018. Mr. Dore emailed this court on July 23, 2018 to request an extension of at least thirty days to file an appellee brief. Therein, he claimed that he was vacationing abroad and would not return until August 15, 2018. He further stated that he had "been representing [him]self up to this point and most likely will need to hire an attorney for this procedure which will take time." This court granted Mr. Dore's request and

5

extended his briefing deadline to September 19, 2018.  Thereafter, no appellate brief

was filed by or on behalf of Mr. Dore.

## DISCUSSION

       The [Collector's] assignments of error call into question both the
trial court's interpretation of the various pertinent statutes of Title 47 of
the Louisiana Revised Statutes, as well as the court's findings as to the
merits and evidence.  As the appeal contains mixed questions of law
and fact, we apply the manifest error standard of review.

*Livingston Par. Sch. Bd. ex rel. Sales & Use Tax Div. v. Hwy 43 Cornerstore, LLC*,

12-103, p. 5 (La.App. 1 Cir. 5/23/12), 93 So.3d 709, 713.

At the May 14, 2018 hearing, the Collector was represented by counsel and

Mr. Dore appeared pro se.  At the start of the hearing, after Mr. Dore identified

himself for the record, the trial court questioned Mr. Dore as to how he was "related

to" Imagine Management, upon which Mr. Dore stated:

       I'm the owner.  Imagine Management is now acting as Cajun Hostel,
LLC, so I have two (2) companies.  Both companies were named in a lawsuit,
as well as me personally.  But Imagine Management is no longer in operation.

BY THE COURT:

       Okay.  And how do you want to proceed?  The issue involved in here,
when you have a company you can represent yourself but you can't represent
a company.  Okay?  A lawyer - an individual can't represent someone, which
a company is a separate judicial entity.  Do you understand?[3]

BY MR. DORE:

       And I'm named personally.

BY THE COURT:

---

[3] We note that the trial court erred in not allowing Mr. Dore to represent the two LLCs that
he owned as the amount the Collector sought to recover from the Defendants totaled less than
$5,000.00.  See La.R.S. 37:212(C) (emphasis added) which provides:

       Nothing in this Section shall prohibit any partnership, corporation, or other
legal entity from asserting or defending any claim, **not exceeding five thousand
dollars**, on its own behalf in the courts of limited jurisdiction or on its own behalf
through a duly authorized partner, shareholder, officer, employee, or duly
authorized agent or representative. . . .

Is he named personally?

BY MS. KRAEMER:

Yes, he is named personally, Your Honor.

BY THE COURT:

Okay. Then he can represent himself in the matter.

As of the date of the hearing, none of the Defendants had filed any pleadings into the record. The Collector offered into evidence its original petition and an Affidavit of Correctness executed by the Collector's Assistant Director who certified that Exhibits A through H, which accompanied the petition, were true copies of documents contained in the Collector's records.[4] The trial court allowed the Collector's exhibits to be admitted in the record. Counsel for the Collector then noted that Mr. Dore had been named as a defendant pursuant to La.R.S. 47:337.21.[5]

---

[4] Louisiana Revised Statutes 47:337.61(4) provides, in pertinent part (emphasis added):

> **Whenever the pleadings** filed on behalf of the taxing authority, or on behalf of the collector, **shall be accompanied by an affidavit of the collector** or of one of his assistants or representatives or of the counsel or attorney filing the same, **that the facts as alleged are true to the best of the affiant's knowledge or belief, all of the facts alleged in said pleadings shall be accepted as** prima facie true and as **constituting a prima facie case**, **and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party**.

[5] Louisiana Revised Statutes 47:337.21, titled "Termination or transfer of business," provides as follows:

> A. If any dealer liable for any tax, interest, or penalty levied hereunder sells his business or stock of goods or quits the business, he shall make a final return and payment within fifteen days after the date of selling or quitting the business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest, and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods fails to withhold purchase money as above provided, he shall be personally liable for the payment of the taxes, interest, and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assigns.

> B. In the case of a dealer who has quit a business, and who subsequently opens another similar business under the same ownership, whether that ownership is individual, partnership, corporation, or other, that dealer shall be liable for any tax, interest, or penalty owed by the original business.

Mr. Dore was not sworn in at the hearing. Nevertheless, upon questioning by the trial court, Mr. Dore explained that, in the past two years, he had met with someone in the Collector's office regarding the taxes the Collector sought to recover from him in this matter. When Mr. Dore began testifying about the merits, counsel for the Collector objected on the basis that the proscribed time for presenting defenses had elapsed.[6] Thereafter, the trial court asked Mr. Dore whether he had considered hiring an attorney. Mr. Dore replied that he had spoken with "close to a dozen attorneys about this case." When the trial court permitted Mr. Dore to testify about conversations he allegedly had with someone in the Collector's office and about whether the taxes were being assessed against other similar businesses, counsel for the Collector again objected. The trial court overruled the objection and allowed Mr. Dore to continue testifying in defense of his failing to pay the taxes assessed against the Defendants. The following colloquy ensued:

BY THE COURT:

It's very confusing. I'm going to deny your judgement.

BY MS. KRAEMER:

You're going to what?

BY THE COURT:

I'm denying it.

BY MS. KRAEMER:

It's a final assessment, Your Honor.

---

[6] Louisiana Revised Statutes 47:337.61(2) provides, in pertinent part (emphasis added):

**All defenses**, whether by exception or to the merits, made or intended to be made to any such claim, **must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing**, and **no court shall consider any defense unless so presented and filed**. This provision shall be construed to deny to any court the right to extend the time for pleading defenses, and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Civil Procedure.

BY THE COURT:

> Well, I'm still denying it. Y'all can take it up to the Third Circuit and let them figure it out.

In a case procedurally similar to the matter before us now, the first circuit held:

> Taxpayers did not file any pleadings in the instant case. They did not propound discovery, nor did they plead affirmative defenses of any kind. The only action found in the record that was taken by Taxpayers was their appearance in court on October 31, 2011. There Raymond Goodwin testified on his own behalf, and apparently on the behalf of Hwy 43 Cornerstore, L.L.C.
>
> Louisiana Revised Statutes 47:337.61(2) states, in pertinent part:
>
> > All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and *filed* in the court of original jurisdiction *prior* to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. (*Emphasis added*)
>
> It is clear by the language of this statute that if Taxpayers had any defenses to present, they should have been filed with the court prior to October 31, 2011. The trial court was erroneous to allow and accept the testimony of Mr. Goodwin, which we believe influenced the trial court's judgment. Since Mr. Goodwin's testimony should not have been considered by the trial court, it will not be considered in this opinion.

*Livingston Par. Sch. Bd. ex rel. Sales & Use Tax Div. v. Hwy 43 Cornerstore, LLC*, 12-103, p. 6 (La.App. 1 Cir. 5/23/12), 93 So.3d 709, 714.

At first glance, the transcript of that hearing seems to indicate that the trial court ruled against the Collector on the merits. Upon further review, however, we are convinced that after listening to the unsworn testimony of Mr. Dore, the trial court failed to issue a ruling on the matter before it, instead directing the Collector to appeal to this court to obtain a ruling on the merits.

"'The judgment of the trial court is presumed correct, absent any evidence in the record which would indicate to the contrary.' *Steinhoff v. Steinhoff*, 03-24, p. 5

(La.App. 3 Cir. 4/30/03), 843 So.2d 1290, 1294. Moreover, appellate courts generally will not consider issues that were not addressed by the trial court. . . ." *Montgomery v. State Farm Fire & Cas. Co.*, 12-320, p. 9 (La.App. 3 Cir. 11/14/12), 103 So.3d 1222, 1229, *writ denied*, 12-2711 (La. 2/8/13), 108 So.3d 91. Additionally, "[t]his court is not one of first impression but, instead, an appellate court reviews evidence that was before the trial court." *Smith v. Ieyoub*, 01-1517, p. 4 (La.App. 3 Cir. 3/6/02), 809 So.2d 1256, 1259.

Because the trial court herein failed to issue a ruling on the merits of the Summary Sales Tax Proceeding brought by the Collector, this court has no jurisdiction to decide this appeal. Accordingly, we must reverse the appealed judgment and remand this matter to the trial court for a rehearing.

## DECREE

For the foregoing reasons, the judgment signed on May 18, 2018, is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed against Toby Dore.

**REVERSED AND REMANDED.**