Judgment rendered April 8, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,753-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CAROL ANGELA BANKS AND      Plaintiffs-Appellants
DAVID BANKS

versus

RESIDENCE INN BY      Defendants-Appellees
MARRIOTT

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 167,704

Honorable Douglas M. Stinson, Judge, *Pro Tempore*

* * * * *

MCKEE LAW FIRM, LLC      Counsel for Appellants
By: Randy George McKee


PETTIETTE, ARMAND, DUNKELMAN,      Counsel for Appellees,
WOODLEY, & CROMWELL, LLP      Residence Inn by
By: Chelsey T. Colontonio      Marriott and Kalthia
      Thomas A. Pressly, IV      Group Hotels, Inc.

* * * * *

Before STONE, STEPHENS, and MARCOTTE, JJ.

**STONE, J.**

This civil appeal arises from the Twenty-Sixth Judicial District Court, the Honorable Doug Stinson presiding. Appellants, Carol Banks ("Carol") and spouse, David Banks ("David") (collectively, the "plaintiffs"), appeal the dismissal on summary judgment of Carol's personal injury suit[1] against the Residence Inn in Bossier City and/or its owner, Kalthia Group Hotels (the "hotel").

The plaintiffs were guests at the hotel on the night of June 26, 2021, and were assigned to room 316. Upon entry into their room, the plaintiffs noticed that the air conditioner was not cooling and called for a maintenance technician — who responded shortly thereafter. According to Carol, the technician remarked that he was surprised that anyone had been assigned room 316 because he had recommended that it be taken out of service. The technician further explained that the air conditioner unit needed to be replaced, but he would get it working for the night. Later that night, Carol noticed the room had become "cloudy and foggy," after which the fire alarm sounded. Subsequently, Carol was newly diagnosed with asthma, and the plaintiffs filed this suit on July 6, 2022.

The defendant obtained written discovery from the plaintiffs and took the deposition of the plaintiffs. The plaintiffs did not take any depositions, inspect the air conditioner unit in question, or disclose an expert/expert report regarding any defect in the air conditioner unit in question.

On December 16, 2024, the defendant filed a motion for summary

---

[1] Only Carol claims to have suffered injury, i.e., developed asthma resulting from an overnight stay in the hotel room with a malfunctioning air conditioner that released smoke into the air.

judgment ("MSJ") on the basis that the plaintiffs failed to present any evidence or expert testimony to meet their burden of proof to establish (1) the alleged defect in the air conditioner unit, (2) that the hotel had notice of the alleged defect, and (3) that the alleged defect caused Carol's injuries. The motion further asserted that the plaintiffs failed to produce any competent evidence to prove causation between the plaintiffs' stay at the hotel and the damages alleged by Carol. As such, the MSJ asserted that the plaintiffs failed to meet their burden of introducing — for the purpose of summary judgment — prima facie evidence of all the elements of negligence under La. C.C. art. 2315 and La. C.C.P. art. 966. The MSJ was initially granted unopposed. However, the defense honorably moved for new trial because the plaintiffs had been served untimely/improperly, and the trial court granted the motion. Thereafter, the plaintiffs filed an opposition with the following exhibits attached: (1) the plaintiffs' depositions; (2) Carol's uncertified medical records; and (3) supposedly, an email from plaintiffs' counsel to defense counsel. The defense filed a motion to strike all exhibits except the depositions. On May 13, 2025, the trial court granted the motion to strike and the MSJ and dismissed the case with prejudice.

**LAW**

"The purpose of a motion for summary judgment is to weed out those cases where it is obvious that the evidence, even if accepted as true, is insufficient to establish an essential element of a party's case." *Johnson v. Entergy Corp.,* 36,323 (La. App. 2 Cir. 9/20/02), 827 So. 2d 1234, 1237. "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memoranda, and supporting

2

documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).[2]

To avail himself of the defense of inadequate opportunity for discovery, a nonmoving party must introduce a competent affidavit to that effect. La. C.C.P. art. 967(C) states:

> If it appears *from the affidavits* of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. (Emphasis added.)

La. C.C.P. art. 966(D)(1) allocates the burden of proof on a motion for summary judgment as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

---

[2] La. C.C.P. art. 967(A) establishes the criteria that testimonial evidence must satisfy to invoke the presumption of credibility:
> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

"[F]actual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050. The intermediate appellate courts have reaffirmed this principle. *Wyrick v. Golden Nugget Lake Charles, LLC*, 20-0665 (La. App. 1 Cir. 12/30/20), 317 So. 3d 708; *Johnson v. Entergy Corp.*, *supra*.

Therefore, to avoid summary judgment, a nonmoving party who would bear the burden of proof at trial on the factual issues concerned in the MSJ needs only to introduce prima facie evidence of such facts. *McGee v. Ashford Place Apartments, LLC*, 54,795 (La. App. 2 Cir. 11/16/22), 351 So. 3d 899; *Cyprien v. Bd. of Sup'rs ex rel. Univ. of Louisiana Sys.*, 08-1067 (La. 1/21/09), 5 So. 3d 862, 866. "*Prima facie* evidence is defined as evidence sufficient to establish a given fact which, if not rebutted or contradicted, will remain sufficient." *Ganey v. Cupstid*, 55,798 (La. App. 2 Cir. 8/28/24), 400 So. 3d 172, *quoting Livingston Par. Sch. Bd. ex rel. Sales & Use Tax Div. v. Hwy 43 Cornerstore, LLC*, 12-0103 (La. App. 1 Cir. 5/23/12), 93 So. 3d 709. If such nonmover fails to introduce prima facie evidence, there is no genuine issue of material fact.

Appellate courts review trial court decisions on summary judgment using the *de novo* standard of review. *Catahoula Par. Sch. Bd. v. Louisiana Mach. Rentals, LLC*, 12-2504 (La. 10/15/13), 124 So. 3d 1065.

### ANALYSIS

On appeal, the plaintiffs neither argue that the trial court erred in granting the motion to strike, nor that they met their burden, under La. C.C.P. art. 966(D)(1), of introducing prima facie evidence for every element of their claim. Instead, the plaintiffs argue that they were still awaiting discovery and thus the MSJ was premature. Moreover, the plaintiffs declined to submit an affidavit or any other summary judgment evidence (i.e., an affidavit from plaintiffs' counsel) explaining their need for the outstanding discovery or what the outstanding discovery would tend to prove.

4

It is true that an MSJ may only be granted "after an adequate opportunity for discovery." La. C.C.P. art. 966(A)(3). However, the plaintiffs' failure to introduce an affidavit to that effect is fatal. La. C.C.P. art. 967(C). In the absence of such an affidavit, the court cannot refuse to grant an MSJ for an alleged lack of adequate opportunity for discovery. That aside, it is difficult to imagine how the plaintiffs did not have an adequate opportunity for discovery in the approximate two and a half years between the institution of their lawsuit and the defendant's filing of its MSJ.

For the sake of argument, had the assertions in the plaintiffs' brief to this court been properly submitted to the trial court pursuant to La. C.C.P. art. 967(C), summary judgment should nonetheless have been granted. The plaintiffs' brief fails to explain how they would obtain prima facie evidence by deposing the defendant's operations manager, taking the corporate deposition of Kalthia, and deposing Derek Holloman.[3] Furthermore, it is difficult — if not impossible — to imagine how the plaintiffs would gain prima facie evidence of *medical causation* (i.e., one overnight stay in the hotel room caused Carol to develop asthma) by deposing the hotel representatives.

## CONCLUSION

The trial court judgment is **AFFIRMED**. All costs of this appeal are taxed to the appellants, Carol and David Banks.

**AFFIRMED.**

---

[3] The appellants' brief does not indicate who Derek Hollomon ("Hollomon") is; it seems from the Bossier Fire Department report that Holloman is the hotel desk clerk to whom the plaintiffs reported the smoke.